IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARLEY MONNINGER,** | : | |
| Plaintiff | : | No. 1:13-cv-2471 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **SHIPPENSBURG UNIVERSITY, et al.,** | : | (Magistrate Judge Schwab) |
| Defendants | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Before the Court is the Report and Recommendation of Magistrate Judge Schwab, recommending that Plaintiff's motion for partial summary judgment be granted in part and denied in part and Defendants' motion for summary judgment be granted in part and denied in part. (Doc. No. 106.) The Court will adopt the Report and Recommendation in its entirety.

On February 18, 2014, Plaintiff Harley Monninger filed an amended complaint against Defendants Shippensburg University, Kurt Fuellhart, Janet Smith, William Blewitt, James Mike, Tracy Schoolcraft, Kim Long, and James Johnson, alleging violations under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"); Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("RA"); 42 U.S.C. § 1983; 42 U.S.C. § 1985; and the First and Fourteenth Amendments to the United States Constitution. (Doc. No. 7.) Plaintiff alleges, inter alia, that Defendant Shippensburg University discriminated and retaliated against him for requesting accommodations for his bilateral hearing loss disability, inquiring into grievance procedures, and filing a complaint with the United States Department of Education's Office for Civil Rights. (Id. ¶¶ 187, 190-194, 201-206, 213-217, 225-229.)

On August 16, 2016, Magistrate Judge Schwab issued a Report and Recommendation, recommending that both Plaintiff's motion for partial summary judgment and Defendants'

1

motion for summary judgment be granted in part and denied in part.  (Doc. No. 106.) Specifically, Magistrate Judge Schwab recommends that this Court: (1) grant Plaintiff's motion for summary judgment as to his failure to accommodate claim under the ADA and RA (id. at 26, 57); and (2) grant Defendants' motion for summary judgment as to Plaintiff's discrimination claim under the ADA and RA, equal protection claim, procedural due process claim, Section 1985(3) conspiracy claim, and First Amendment retaliation claim on the basis of his referral to Shippensburg University's Ship Cares program (id. at 28-29, 46, 50, 55, 57-58).

On August 29, 2016, the parties jointly requested and were granted an extension of time to file objections to the Report and Recommendation and brief the objections.  (Doc. Nos. 107, 108.)  Plaintiff filed objections on September 12, 2016 (Doc. No. 109), and Defendants filed objections on September 26, 2016 (Doc. No. 111).  Defendants also filed a brief in opposition to Plaintiff's objections and submitted a brief in support of their objections.  (Doc. Nos. 110, 112) The parties filed a reply brief thereafter.  (Doc. Nos. 115, 116).  On October 18, 2016, Plaintiff filed a motion for sanctions against Defendants for belatedly filing their objections and then requesting that the Court deem the objections timely filed.  (Doc. Nos. 117, 118.)

As to the substance of the objections, Plaintiff challenges Magistrate Judge Schwab's recommendation to grant summary judgment to Defendants on Plaintiff's discrimination claim under the ADA and RA.[1]  (Doc. No. 109 at 1-3, 109-2 at 1-2.)  Specifically, Plaintiff objects to the finding that he "has not come forward with evidence from which a reasonable trier of fact could find that his bi-lateral hearing loss was the cause of the University's failure to provide him with priority seating."  (See Doc. Nos. 106 at 29; 109 at 2-3.)  In support of his objection,

---

[1] Although Plaintiff does not object to Magistrate Judge Schwab's conclusions as to his retaliation claims under the ADA and RA, Plaintiff notes that his GPA was over "3.0 at the end of his first or Fall 2011 semesters." (Doc. No. 109 at 3-4.)

Plaintiff attaches a disability form that he characterizes as newly discovered evidence.  Plaintiff reasons that a "declaration of disability" form, which includes the handwritten notation "does not wear hearing aids," evidences that Plaintiff was subject to discrimination because of his disability.  (Doc. Nos. 109 at 1-3; 109-2 at 2.)  Even when considering the disability declaration form in the light most favorable to Plaintiff, this Court agrees with Magistrate Judge Schwab's finding that Plaintiff's discrimination claim under the ADA and RA cannot survive summary judgment.  (See Doc. Nos. 106 at 28-29; 109-2 at 2.)

Defendants object to Magistrate Judge Schwab's recommendation that this Court grant summary judgment to Plaintiff on his failure to accommodate claim, premised on Plaintiffs' allegations that Defendant Shippensburg University failed to provide him with priority seating in the classroom.  (Doc. Nos. 111, 112.)  The Court finds that Magistrate Judge Schwab correctly and comprehensively addressed the substance of Defendants' objections in the Report and Recommendation.  (Doc. No. 106); Ohler v. Lamas, 542 F. App'x 205, 207 (3d Cir. 2013).  The Court will not write separately to address Defendants' objections. **ACCORDINGLY**, upon independent review of the record and applicable law, on this 2nd day of December 2016, **IT IS HEREBY ORDERED THAT**:

1. Magistrate Judge Schwab's Report and Recommendation (Doc. No. 106), is **ADOPTED**;

2. Plaintiff's motion for partial summary judgment (Doc. No. 92) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Plaintiff's motion for partial summary judgment (Doc. No. 66) is **GRANTED** with respect to Plaintiff's failure to accommodate claim under the ADA and RA;

    b. In all other respects, Plaintiff's motion for partial summary judgment is **DENIED**;

3. Defendants' motion for summary judgment (Doc. No. 66) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendants' motion for summary judgment (Doc. No. 66) is **GRANTED** with respect to Plaintiff's discrimination claim under the ADA and RA;

    b. Defendants' motion for summary judgment (Doc. No. 66) is **GRANTED** with respect to Plaintiff's First Amendment retaliation claim on the basis of his referral to the Ship Cares program;

    c. Defendants' motion for summary judgment (Doc. No. 66) is **GRANTED** with respect to Plaintiff's equal protection claim under the Fourteenth Amendment;

    d. Defendants' motion for summary judgment (Doc. No. 66) is **GRANTED** with respect to Plaintiff's procedural due process claim under the Fourteenth Amendment;

    e. Defendants' motion for summary judgment (Doc. No. 66) is **GRANTED** with respect to Plaintiff's Section 1985(3) conspiracy claim;

    f. In all other respects, Defendants' motion for summary judgment is **DENIED**;

4. Defendants' motion to deem objections to Report and Recommendation as timely filed and served (Doc. No. 113) is **GRANTED**;

5. Plaintiff's motion for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure (Doc. No. 117) is **DENIED**; and

6. Defendants' motion for extension of time to file a brief opposing Plaintiff's motion for sanctions (Doc. No. 119) is **DENIED AS MOOT**.

> s/ Yvette Kane
> Yvette Kane, District Judge
> United States District Court
> Middle District of Pennsylvania